IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LYNN MARINO,** individually and on behalf of all others similarly situated, | ) ) ) ) **CASE NO.** ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) |
| *Plaintiff,* | |
| v. | CLASS ACTION |
| **LUMBER LIQUIDATORS, INC.,** a Delaware corporation; **LUMBER LIQUIDATORS LEASING, LLC**, a Delaware limited liability corporation; **LUMBER LIQUIDATORS HOLDINGS, INC.**, a Delaware corporation; and **LUMBER LIQUIDATORS SERVICES, LLC**, a Delaware limited liability corporation, | |
| *Defendants*. | |

## CLASS ACTION COMPLAINT

Plaintiff LYNN MARINO, individually and on behalf of all others similarly situated (the "**Class**," as more fully defined below), brings this class action complaint against Defendant Lumber Liquidators, Inc., Defendant Lumber Liquidators Leasing, LLC, Defendant Lumber Liquidators Holdings, Inc., and Defendant Lumber Liquidators Services, LLC (collectively, "**Lumber Liquidators**" or "**Defendants**") and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

### INTRODUCTION

1.  This is a proposed class action brought by Plaintiff on behalf of herself and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief arising

from and relating to the purchase and installation of Lumber Liquidators' laminate and engineered wood flooring materials manufactured in China ("**Chinese Flooring**").

2. Defendant Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars. As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring. More than 100 million square feet of Lumber Liquidators laminate flooring is installed in homes in the United States each year. Although Lumber Liquidators is based in the United States, much of its laminate and engineered wood flooring is manufactured in China.

3. This class action arises out of Lumber Liquidators' scheme to import into the United States, and to deceptively warrant, advertise and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards for such products.

4. In particular, despite its direct representations to the contrary, Lumber Liquidators manufactures, distributes and sells Chinese Flooring, which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

5. Further, contrary to Lumber Liquidators' repeated, detailed and uniform representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions from its Chinese Flooring is multiple times greater than the maximum permissible limits set by those standards at the time of purchase.

6. Lumber Liquidators' illegal, deceptive and unfair conduct with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiff and the other Class

Members to suffer direct financial harm. Plaintiff's purchase is markedly less valuable because of its elevated level of formaldehyde. Plaintiff would not have purchased flooring from Lumber Liquidators had she known that the product contained elevated levels of the toxin formaldehyde.

## PARTIES

7. Plaintiff, Lynn Marino, is a citizen and resident of Florida. On January 18, 2015, Plaintiff purchased 850 square feet of Chinese Flooring from Lumber Liquidators for installation in her home in Florida.

8. Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the state of Florida.

9. Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10. Defendant, Lumber Liquidators Holdings, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

11. Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum value of $5,000,000.00 and is a class action in which Members of the Class are citizens of a state different from Defendants.

13. Venue is proper in this District, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, Defendants conduct and transact business in this Judicial District, and Defendants have intentionally availed themselves of the laws and markets within this District through the marketing, distribution and sale of Chinese Flooring in this District. Therefore, Defendants are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CLASS MEMBERS

14. Lumber Liquidators was established in 1993 and has since become the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars. As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring directly to homeowners or contractors acting on the homeowners' behalf. More than 100 million square feet of Lumber Liquidators' laminate flooring is installed in homes in the United States each year.

15. Lumber Liquidators manufactures and purchases many of its wood and laminate flooring materials from China. Lumber Liquidators has a representative office in Shanghai, China and assumed direct control of its entire product sourcing in China, through its Chinese headquarters.

16. Lumber Liquidators represents that it "negotiates directly with the mills, eliminating the middleman and passing the savings on to the customers." Lumber Liquidators further represents itself as an "environmentally conscientious company [that] only purchases from suppliers who practice sustainable harvesting, which allows forests to heal and re-grow faster," and that "[a]t Lumber Liquidators, we believe hardwood flooring is a natural, healthy choice—for both you and the environment."

17. During the Class Period, Lumber Liquidators labeled and sold the toxic Chinese Flooring as being compliant with "CARB [California Air Resources Board] regulations in the State of California." CARB is an entity which has promulgated safety standards for the emission of formaldehyde for composite wood products sold in California. Indeed, Lumber Liquidators represents that it requires all of its "suppliers [to] comply with California's advanced environmental requirements, even for products sold outside California."

18. Contrary to these representations, Lumber Liquidators' Chinese Flooring is not CARB compliant. Rather, the Chinese Flooring emits a dangerous level of formaldehyde gas, which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Control Act, 15 U.S.C. 2601, *et. seq*. (Title VI – Formaldehyde Standards of Composite Wood Products).

19. Formaldehyde is hazardous to human health. Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments, including skin and breathing problems. The risk of these health problems is significantly greater for children. Because the Chinese Flooring that Lumber Liquidators sold to Plaintiff and Class Members emits formaldehyde gas in excess of allowable levels imposed by CARB and the Toxic Substances Control Act, the Chinese Flooring poses great health risks to consumers.

20. Lumber Liquidators knew or should have known that its Chinese Flooring emits dangerous levels of formaldehyde at levels exceeding the CARB standards and the Toxic Substances Control Act. Nonetheless, Lumber Liquidators' marketing materials for the Chinese Flooring contained deceptive and misleading information relating to compliance with these laws, which were designed to increase sales of the products at issue.

21. Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has continued to sell the Chinese Flooring to consumers and has not notified affected purchasers, builders, and/or homeowners that the Chinese Flooring they purchased and installed is defective.

22. Plaintiff and Class Members have not received the value for which they bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring, as warranted, and the Chinese Flooring containing the defect. Plaintiff and Class Members would not have purchased the Chinese Flooring or would have paid less for it had they known it emitted formaldehyde at levels in violation of CARB regulations and the Toxic Substances Control Act.

23. Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## PLAINTIFF'S FACTUAL ALLEGATIONS

24. Plaintiff purchased approximately 850 square feet of 8mm Dream Home Nirvana French Oak Laminate Chinese Flooring from Lumber Liquidators on January 18, 2015 for installation in her Florida home on February 26, 2015. Plaintiff paid $1,125.00 for the flooring and $1,800.00 for professional installation of the flooring. Upon information and belief, this flooring was manufactured at a laminate mill in China.

25. Prior to purchasing the Chinese Flooring from Lumber Liquidators, Plaintiff was aware of the risks inhering in formaldehyde, along with its presence in building materials. As a result, prior to purchasing the Chinese Flooring from Lumber Liquidators, Plaintiff reviewed Lumber Liquidators' website, which confirmed that the Chinese Flooring complied with CARB

formaldehyde standards, and also confirmed with the Lumber Liquidators salespeople that the Chinese Flooring complied with CARB formaldehyde standards.

26.     When Plaintiff purchased the Chinese Flooring from Lumber Liquidators, she specifically read the product label indicating that it was "California 93120 PHASE 2 Compliant for Formaldehyde."  Plaintiff relied on this representation, and the representations on Lumber Liquidators' website and from Lumber Liquidators' salespeople when purchasing the Chinese Flooring.  Plaintiff chose to purchase the flooring because of its alleged compliance with CARB formaldehyde standards.  Plaintiff would not have purchased the flooring had she known it did not comply with CARB formaldehyde standards.

27.     When Plaintiff purchased the Chinese Flooring, the representations on the product packaging, on Lumber Liquidators' website, and made by Lumber Liquidators' salespeople, regarding compliance with CARB formaldehyde standards were not true.  Rather, the Chinese Flooring emits formaldehyde levels in excess of CARB standards and other applicable laws and regulations.

28.     Plaintiff would not have purchased the Chinese Flooring from Lumber Liquidators had she known about the defect in the flooring, including that it did not comply with CARB formaldehyde standards and other applicable laws and regulations.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action on behalf of herself and all others similarly situated for the purpose of asserting claims alleged in this complaint on a common basis.

30. Pursuant to Rules 23(a), (b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a Class consisting of the following persons:

**INJUNCTIVE RELIEF CLASS:**
**All persons and entities in the state of Florida who purchased and installed engineered wood or laminate flooring from Lumber Liquidators, either directly or through an agent, that was sourced, processed, or manufactured in China.**

**DAMAGES CLASS:**
**All persons and entities in the state of Florida who purchased and installed engineered wood or laminate flooring from Lumber Liquidators, either directly or through an agent, that was sourced, processed, or manufactured in China.**

Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

### Numerosity

31. The proposed Class is so numerous that individual joinder of all Members is impracticable.

32. Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states, including Florida. In addition, Lumber Liquidators has annual revenues of more than one billion dollars, and more than 100 million square feet of Lumber Liquidators' laminate flooring is installed in homes in the United States each year. As a result, the proposed Class likely includes thousands, and possibly tens of

thousands, of Members. While the precise number and identities of Class Members are unknown at this time, such information can be readily ascertained through appropriate investigation and discovery. The disposition of the claims of the Class Members in a single action will provide substantial benefit to all parties and to the Court.

### **Predominance of Common Questions of Law and Fact**

33. Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Lumber Liquidators' Chinese Flooring emits excessive levels of formaldehyde;

   b. Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to its label or marketing descriptions;

   c. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and other Class Members regarding the illegal sourcing of its Chinese Flooring products;

   d. Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and Class Members with respect to its Chinese Flooring products;

   e. Whether Lumber Liquidators has been unjustly enriched as a result of its conduct;

   f. Whether, as a result of Lumber Liquidators' conduct, Plaintiff and other Class Members have suffered damages and, if so, the appropriate measure of damages to which they are entitled; and

    g. Whether, as a result of Lumber Liquidators' misconduct, Plaintiff and other Class Members are entitled to equitable relief or other relief and, if so, the nature of such relief.

### Typicality

34. Plaintiff's claims are typical of the claims of the other Class Members. Plaintiff and each of the other Class Members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class Members' claims and are based on the same legal theories.

### Adequacy

35. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and her counsel are committed to the vigorous prosecution of this action.

### Superiority

36. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

    a. The claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

    b. Individual joinder of all Class Members is impracticable;

    c. Absent a Class, Plaintiff and Class Members will continue to suffer harm as a result of Defendants' unlawful conduct;

    d. Given the amount of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress for the wrongs Defendants

committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

e. Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

f. Adjudications of individual Class Members' claims against Defendants would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other Class Members to protect their interests; and

g. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused by Defendants.

37. Defendants implemented uniform policies and practices relating to the Chinese Flooring, which resulted in uniform damage to Plaintiff and Class Members. As a result, Defendants have acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief, equitable relief, or corresponding declaratory relief with respect to the Class as a whole.

38. Defendants' failure to comply with its legal obligations and warranties to consumers arises out of a common omission or failure to act, which has a uniform effect on Plaintiff and all Class Members. Plaintiff seeks preliminary and permanent injunctive relief and equitable and declaratory relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Defendants to discontinue their unlawful conduct.

39. Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

## COUNT I
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, § 501.201, *et seq*., Florida Statutes**

40. Plaintiff restates and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff asserts this cause of action on behalf of herself and the putative Class.

42. Plaintiff and Class Members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

43. Defendants manufacture, distribute and sell Chinese Flooring. The Chinese Flooring is a "good" within the meaning of FDUTPA.

44. For the reasons discussed herein, Defendants violated and continue to violate FDUPTA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq*. Defendants' omissions and practices described herein were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

45. Defendants' actions constitute unconscionable, deceptive, or unfair acts or practices. Defendants omitted material facts regarding the Chinese Flooring by failing to

disclose known defects, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers, in violation of FDUTPA.

46. Specifically, Defendants engaged in the following deceptive and misleading conduct in violation of FDUTPA:

a. Defendants represented that their flooring products complied with CARB formaldehyde standards when they knew, or should have known, that their Chinese Flooring was not CARB compliant.  Specifically, Defendants uniformly represented in marketing and advertising materials, including on product labels and on their website, that the Chinese Flooring was CARB Compliant when Defendants knew, or should have known, that the Chinese Flooring emits formaldehyde levels in excess of CARB standards.

b. Defendants manufactured, distributed and sold Chinese Flooring that emits excessive levels of formaldehyde in violation of applicable laws and regulations.

c. Defendants failed to disclose adverse material facts to Plaintiff and Class Members concerning the excessive emission of formaldehyde levels in their Chinese Flooring, including that the Chinese Flooring was not CARB compliant, which interfered with Plaintiff and Class Members' reasonable expectations concerning the flooring and caused injury to Plaintiff and Class Members.

d. Defendants knew or should have known that the Chinese Flooring was not CARB compliant and that this fact was unknown to and would not be easily discovered by Plaintiff and Class Members and would defeat their ordinary, foreseeable and reasonable expectations concerning the Chinese Flooring.

47. Plaintiff and putative Class Members suffered damages when they purchased the Chinese Flooring, which emit excessive formaldehyde gas, at levels beyond that represented by Defendants in their advertising and marketing materials, and on the product labels. Defendants' unconscionable, deceptive and/or unfair practice caused actual damages to Plaintiff and putative Class Members who were unaware of the excessive formaldehyde gas levels when they purchased Chinese Flooring from Defendants.

48. Defendants' practices regarding the defective Chinese Flooring were likely to deceive, and did deceive, consumers acting reasonably under the circumstances. Consumers, including Plaintiff and Class Members, would not have purchased the Chinese Flooring from Defendants, or would have paid less for the flooring, had they known that the flooring emitted excessive formaldehyde levels in violation of applicable laws and regulations, and contrary to Defendants' representations.

49. As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and Class Members have been damaged and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial. In addition, Plaintiff and the Class seek equitable and injunctive relief against Defendants on terms that the Court considers reasonable, and reasonable attorneys' fees.

50. Plaintiff and the putative Class reserve the right to allege other violations of FDUPTA, as Defendants' conduct is ongoing.

## COUNT II
### Unjust Enrichment

51. Plaintiff restates and realleges paragraphs 1 through 39 as if fully set forth herein.

52. Plaintiff asserts this cause of action on behalf of herself and the putative Class.

53. Plaintiff and Class Members conferred a benefit on Defendants when they purchased the Chinese Flooring from Lumber Liquidators.

54. Defendants have been unjustly enriched in retaining the revenues derived from Class Members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Defendants' Chinese Flooring is defective in design or manufacture, was not fit for its ordinary and intended use, and did not perform in accordance with the advertisements, marketing materials and warranties disseminated by Defendants, nor the reasonable expectations of ordinary consumers.

55. Plaintiff and Class Members have suffered a loss of money as a result of Defendants' unjust enrichment because they would not have purchased the Chinese Flooring on the same terms or for the same price, had they known of the defects in the flooring, including the excessive emission of formaldehyde. Plaintiff and Class Members paid for the Chinese Flooring on the condition that they would be free from defects and the Chinese Flooring did not perform as promised.

56. Defendants knew, or should have known, of the defects alleged herein, while Plaintiffs and putative Class Members did not know of the defects. Nonetheless, Defendants failed to inform consumers of the defect while they continued collecting the proceeds of full price sales of their defective Chinese Flooring.

57. Defendants have profited from their deceptive, unlawful, unfair, misleading and deceptive practices at the expense of Plaintiff and Class Members, under circumstances in which it would be unjust for Defendants to be permitted to retain the benefit.

58. Plaintiff and Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants for their deceptive, unlawful, unfair and misleading conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated, prays for a judgment against Defendants as follows:

a. For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as Representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiff and the Damages Class;

c. For equitable, declaratory and/or injunctive relief for the Injunctive Relief Class;

d. For payment of costs of suit herein incurred;

e. For both pre-judgment and post-judgment interest on any amounts awarded;

g. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and on behalf of the Class Members, hereby demands a trial by jury as to all issues so triable.

/s/ *John A. Yanchunis*
John A. Yanchunis* (FL Bar No. 324681)
Rachel Soffin* (FL Bar No. 0018054)
Jonathan B. Cohen* (FL Bar No. 0027620)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor

Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
Email: jyanchunis@forthepeople.com
rsoffin@forthepeople.com
jcohen@forthepeople.com

Joel R. Rhine* (NC Bar No. 16028)
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
Email: jrr@rhinelawfirm.com

Jonathan Shub* (PA Bar No. 53965)
**SEEGER WEISS LLP**
1515 Market Street
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
Email: jshub@seegerweiss.com

Raymond P. Boucher* (CA Bar No. 115364)
Shehnaz M. Bhujwala* (CA Bar No. 223484)
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367
Telephone: (818) 340-5400
Facsimile: (818) 340-5401
Email: ray@boucher.la
bhujwala@boucher.la

*Attorneys for Plaintiff*

*\* Pending pro hac vice application*